[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13023

Non-Argument Calendar

_____

JANE DOE II, as Administrator
Of the Estate of Jane Doe I; and of
JOHN DOE I,

                                                  Plaintiffs-Appellants,

*versus*

SAVANNAH-CHATHAM COUNTY
PUBLIC SCHOOL SYSTEM and
MARVIN T. JOHNSON,

                                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:18-cv-00180-WTM-CLR

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiffs John Doe and Jane Doe II (as administrator of the estate of Jane Doe I)[1] appeal the district court's grant of summary judgment in favor of Defendants Savannah-Chatham County Public School System ("District") and Marvin T. Johnson. Plaintiffs brought claims against Defendants under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), and under 42 U.S.C. § 1983.[2] Reversible error has been shown. We affirm in part and vacate in part the district court's final judgment, and we remand for further proceedings.

I.

---

[1] Jane Doe I filed initially this civil action on behalf of herself and her minor son, John Doe. Jane Doe I later died during the pendency of this case. The district court granted a motion to substitute as plaintiffs John Doe (who by then had turned 18) and Jane Doe II, as administrator of Jane Doe I's estate.

[2] Plaintiffs raise no challenge to the district court's grant of summary judgment in favor of Defendants on Plaintiffs' claim for negligent hiring and retention under Georgia law or the district court's grant of summary judgment in favor of Johnson on Plaintiffs' claim for violation of Title IX. Those claims are not before us on appeal.

This appeal stems from an alleged sexual assault of a 16-year-old high school student by a high school assistant principal. On 31 January 2017, John Doe (then a sophomore at Savannah High School) stayed after school for detention. Johnson, an assistant principal, was one of the staff members overseeing the detention.

After detention ended, Johnson offered Doe a ride home. Doe accepted. Instead of taking Doe directly home, however, Johnson drove Doe to Johnson's house and told Doe to come inside. Once inside, Johnson removed his pants, instructed Doe to perform oral sex on him, and engaged in sexual intercourse with Doe. After the assault, Johnson drove Doe home. Johnson had no other sexual contact with Doe before or after this incident.

In April 2017, Doe noticed a rash forming on his body. On 28 April, Doe emailed Johnson and asked if Johnson had HIV or AIDS. Over the next couple of days, Doe and Johnson exchanged several emails in which they discussed getting tested for sexually-transmitted diseases and in which Doe said that Johnson was the only person Doe had had sex with.

On 30 April, Doe told his mother about the 31 January prior incident. Prior to telling his mother, Doe had told no one about the incident.

On 1 May 2017, Doe's mother and stepfather went to the school and reported the 31 January incident to the high school's principal, Tammy Broadnax. Broadnax and the school's resource officer then talked to Doe about what happened on 31 January.

After speaking with Doe, the school resource officer called the police. The police came to the school and obtained a statement from Doe.

After the police interviewed Doe, Broadnax called her supervisor and the District's director of risk management. Broadnax then had the school's social worker contact the Department of Family and Child Services. The District also arranged for Doe to transfer immediately to another school. All of these things happened on 1 May.

Also on 1 May, Johnson met with Broadnax, the District's director of risk management, and the District's Chief Human Resources Officer. Following this meeting, the District prohibited Johnson from having further access to students. District officials then searched Johnson's email and discovered the April 2017 email exchange between Doe and Johnson.

On 2 May, District officials decided not to renew Johnson's employment contract: a decision the District considered the most efficient way to terminate Johnson's employment. On 11 May, the District notified Johnson that his contract would not be renewed and that his employment with the District would terminate on 30 June 2017. At Johnson's request, the District scheduled a hearing on the nonrenewal of Johnson's contract. But on 31 July (before the scheduled hearing date), Johnson tendered his resignation.

Plaintiffs filed this civil action in state court. In their amended complaint, Plaintiffs asserted claims for violations of Title

IX and section 1983. The District removed the case to federal district court and both Defendants moved for summary judgment. The district court granted summary judgment in favor of Defendants. This appeal followed.

## II.

On appeal, Plaintiffs first challenge the district court's grant of summary judgment in favor of Johnson on Plaintiffs' section 1983 claim. The district court determined that Count III of Plaintiffs' amended complaint contained no specific allegations about "whether or how" Johnson violated Doe's constitutional rights. The district court thus determined that Count III asserted a section 1983 claim against only the District under a municipal-liability theory and asserted no individual-liability claim against Johnson. Having concluded that Plaintiffs' amended complaint asserted no section 1983 claim against Johnson (and that Plaintiffs failed to seek leave to further amend their complaint), the district court granted Johnson's motion for summary judgment.

We review *de novo* the district court's grant of summary judgment. *See Sauls v. Pierce Cty. Sch. Dist.*, 399 F.3d 1279, 1283 (11th Cir. 2005). We also review *de novo* a district court's dismissal for failure to state a claim, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *See Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

To comply with federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

We have said that "[t]he failure to specify which particular defendants certain allegations relate to is not fatal when '[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct.'" *See Auto. Alignment & Body Serv. v. State Farm Mut. Auto. Inc. Co.*, 953 F.3d 707, 733 (11th Cir. 2020) (citing *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000)).

To state a claim for relief under section 1983, a plaintiff must allege facts showing (1) that an act or omission deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States"; and (2) that the act or omission "was committed by a person acting under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).

Reading the entire amended complaint, we conclude that Plaintiffs pled sufficient factual content (accepted as true) to allow a court to draw the reasonable inference that Johnson is liable under section 1983. Plaintiffs' amended complaint alleges that Johnson -- acting in his role as assistant principal for the District -- drove

Doe from school to Doe's home but interrupted that drive to stop at Johnson's home where Johnson sexually assaulted Doe: an act Plaintiffs say violated Doe's constitutional right to bodily integrity.

As the district court observed, Count III (dealing with section 1983) of Plaintiffs' amended complaint focuses on the District's liability under section 1983. Nevertheless -- given the straightforwardness of the factual allegations in the whole complaint and that Plaintiffs named only two defendants -- the complaint all in all can be read fairly as asserting a section 1983 claim both against the District and against Johnson individually. Plaintiffs' amended complaint is far from the kind of pleading that makes it "virtually impossible" for the defendants to understand which claims are being asserted against them. Cf. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323-25 (11th Cir. 2015) (describing this Court's disapproval of "shotgun pleadings" -- including complaints "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, of which of the defendants the claim is brought against" -- because such pleadings fail to provide adequate notice to defendants about the claims asserted against them and the grounds upon which each claim rests).

We conclude that the district court erred in determining that Plaintiffs' amended complaint alleged no individual-liability claim against Johnson under section 1983. We vacate the district court's grant of summary judgment in favor of Johnson on this claim and

remand for further consideration of Plaintiffs' section 1983 claim on the merits.

### III.

Plaintiffs next challenge the district court's grant of summary judgment in favor of the District. We review *de novo* a district court's grant of summary judgment, viewing the facts and drawing all reasonable inferences in the light most favorable to the non-moving party. *See Sauls*, 399 F.3d at 1283. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A. Title IX

Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A teacher's sexual harassment of a student constitutes actionable sex-based discrimination under Title IX. *See Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992). In cases involving teacher-on-student sexual harassment, our Title IX analysis is governed by the Supreme Court's decision in *Gebser v.*

21-13023                Opinion of the Court                9

*Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998). *See Doe v. Sch. Bd. of Broward Cty., Fla.*, 604 F.3d 1248, 1254 (11th Cir. 2010).[3]

Under *Gebser*, a plaintiff "seeking to recover damages against a school district for teacher-on-student sexual harassment must establish two things to survive summary judgment: (1) a school district official with the authority to take corrective measures had actual notice of the harassment; and (2) the official with such notice was deliberately indifferent to the misconduct." *Sauls*, 399 F.3d at 1284 (citing *Gebser*, 524 U.S. at 290-93).

"Deliberate indifference is an exacting standard; school administrators will only be deemed deliberately indifferent if their 're-sponse to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'" *Doe*, 604 F.3d at 1259. Under this standard, an administrator is deliberately indifferent when he makes "an official decision . . . not to remedy the [Title IX] viola-tion." *See Gebser*, 524 U.S. at 290.

About the first element, District officials first learned about the 31 January 2017 incident on 1 May 2017.[4] We next consider

_____

[3] Plaintiffs contend -- without citation to legal support -- that the district court erred in applying *Gebser* to resolve the Title IX claim in this case. We disagree. For purposes of establishing Title IX liability, we see no material difference between the sexual harassment of a student by a teacher (as in *Gebser*) versus by an assistant principal (as in this case).

[4] On appeal, Plaintiffs argue for the first time that Johnson -- as an assistant principal -- constituted a person "with authority to take corrective measures." Because Johnson had actual notice of his *own* misconduct and failed to remedy

whether the District responded to this information with deliberate indifference.

Immediately upon receiving the complaint from Doe's parents, Broadnax notified her supervisor and the District's director of risk management about the reported 31 January incident.  District officials contacted the police and the Department of Family and Child Services.  That same day, the District began investigating the incident, including interviewing Doe and Johnson, and reviewing Johnson's emails.  The District also prohibited Johnson from having contact with students and arranged for Doe to transfer to another school.  One day after receiving Doe's complaint, the District decided not to renew Johnson's contract.  The District also reported the alleged incident for further investigation by the Georgia Professional Standards Committee, which later resulted in the revocation of Johnson's teaching license.

On this record, we cannot conclude that the District's response was "clearly unreasonable" under the known circumstances.  *See Sauls*, 399 F.3d at 1285-87 (finding no deliberate indifference when school officials responded to complaints about a

_____

the situation, Plaintiffs say the District acted with deliberate indifference.  We reject this argument.  First, arguments raised for the first time on appeal are not properly before us.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  Moreover, the Supreme Court has said that "[w]here a school district's liability [under Title IX] rests on actual notice principles . . . the knowledge of the wrongdoer himself is not pertinent to the analysis."  *See Gebser*, 524 U.S. at 291.

teacher's harassment of students by investigating promptly the allegations, interviewing the pertinent parties, monitoring the teacher's conduct, and by instructing the teacher to avoid being alone with male students); *Davis v. DeKalb Cty. Sch. Dist.*, 233 F.3d 1367, 1373-75 (11th Cir. 2000) (finding no deliberate indifference where school officials investigated the complaint, interviewed pertinent parties, ordered the alleged harasser to stay away from the victim and to avoid being alone with female students, and monitored closely the harasser's behavior).

Plaintiffs have failed to create a genuine issue of material fact about whether the District acted with deliberate indifference. The District was thus entitled to summary judgment on Plaintiffs' Title IX claim.

## B. 42 U.S.C. § 1983

A school district "may not be liable under section 1983 on a theory of *respondeat superior.*" *Davis*, 233 F.3d at 1375. Instead, "[a] plaintiff seeking to impose liability on a municipality (school district) under section 1983 must identify a municipal 'policy' or 'custom' that caused a deprivation of federal rights." *Id.*

That the District had an express policy prohibiting sexual relationships between students and teachers is undisputed. Nevertheless, Plaintiffs contend that the District had a "policy, practice and/or custom of lax investigation and non-responsiveness" to complaints of teacher-on-student sexual harassment. We have

recognized that "a municipality's failure to correct the constitution-ally offensive actions of its employees can rise to the level of a cus-tom or policy 'if the municipality tacitly authorizes these actions or displays deliberate indifference' towards the misconduct." *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001).

Plaintiffs have offered no evidence supporting their conclu-sory allegation that the District had a custom of "lax investigation and non-responsiveness" in the face of complaints about teacher-on-student sexual harassment.[5] Plaintiffs have evidenced no spe-cific facts demonstrating that the District knew about or responded inadequately to prior complaints of sexual harassment in general or that the District knew about and responded with deliberate in-difference to earlier complaints about Johnson's misconduct. Nor did the District act with deliberate indifference in response to the complaint underlying this appeal.

We also reject Plaintiff's contention that the District can be held liable under section 1983 because Johnson committed the

---

[5] Plaintiffs argue incorrectly that they need only allege facts sufficient to state a plausible claim for relief and, thus, need not prove that the District engaged in a pattern of deliberate indifference. This "plausibility" standard -- a pleading standard applicable at the motion-to-dismiss stage of the proceedings -- is in-applicable here. To survive the District's motion for summary judgment, Plaintiffs must come forward with 'specific facts showing that there is a genu-ine issue for trial'" and may not rest upon the allegations set forth in their pleadings. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

alleged sexual assault while acting as an assistant principal. "Municipal liability from a single action or decision may only be deemed representative of the municipality if the acting official is imbued with *final* policymaking authority." *See Doe*, 604 F.3d at 1264 (emphasis in original) (quotations and brackets omitted); *Matthews v. Columbia Cty.*, 294 F.3d 1294, 1297 (11th Cir. 2002) ("[O]nly those municipal officers who have final policymaking authority may by their actions subject the government to § 1983 liability."). An official has no "final policymaking authority" when his decisions are "subject to meaningful administrative review." *Denno ex rel. Denno v. Sch. Bd. of Volusia Cty., Fla.*, 218 F.3d 1267, 1276 (11th Cir. 2000).

Plaintiffs have not shown that Johnson had "final policymaking authority" sufficient to subject the District to section 1983 municipal liability. Johnson (who shared his duties with another assistant principal) was under the direct supervision of Principal Broadnax who, in turn, reported to the executive director. Nothing evidences that Johnson had authority to make unreviewable decisions on behalf of the District. Because Johnson was no "final policymaker," his single act of misconduct cannot trigger municipal liability. *See Doe*, 604 F.3d at 1264-65 (concluding that the school principal was no "final policymaker" -- and thus could not subject the school board to municipal liability -- when the principal had authority to make mere recommendations to his supervisor, which the supervisor was then free to accept or to reject).

In sum, we affirm the district court's grant of summary judgment in favor of the District on Plaintiffs' claims under Title IX and under section 1983.  We vacate the district court's grant of summary judgment in favor of Johnson on Plaintiffs' section 1983 claim and remand for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.